UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL DUANE EDDINS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 17-11115
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [14]
GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [13]
AND DENYING EDDINS' MOTION FOR SUMMARY JUDGMENT [12]**

Darrell Eddins applied for Social Security Income ("SSI") based upon his seizure disorder, shoulder injury, degenerative joint disease in his knees, neurocognitive disorder, and several other ailments. After his claim was denied, Eddins appeared at a hearing before an Administrative Law Judge (ALJ) in December 2016. The ALJ issued an unfavorable decision about a month later. The Appeals Council denied his request for a review of the decision. In April 2017, Eddins filed the present action. The Court referred all pretrial proceedings to Magistrate Judge Mona Majzoub who issued a Report and Recommendation to grant the Commissioner's motion for summary judgment and to deny Eddins'. Eddins raises six objections to the Report.

For the reasons that follow, the Court will overrule Eddins' objections and adopt the Report.

**I.**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need

not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." (citations and quotations omitted)).

## II.

To begin, the Court notes that most of Eddins' objections refer to arguments made in his motion for summary judgment without identifying how the Magistrate Judge erred in analyzing those arguments in her Report. (*See* R. 15.) These are not proper objections and will not be considered by the Court. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)

(finding that an objection "that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). The Court will therefore only address those objections that actually identify an issue with the Report.

**A.**

Eddins' first objection touches on the treating-physician rule. Dr. Michael Owczarzak provided a medical source treatment opinion that Eddins could stand or walk less than two hours in an eight-hour work day, and that he could never climb, balance, kneel, crouch, crawl or stoop. (R. 9-8, PID 858–59.) The ALJ assigned little weight to this opinion because the statement was not supported by the treating records and because "the language reflects that the primary care physician simply wrote down limitations based upon the claimant's report of what he could do rather than reflecting a medical opinion based upon diagnoses and symptoms." (R. 9-2, PID 50.) In finding that the ALJ did not err in giving Dr. Owczarzak's opinion less than controlling weight, the Magistrate Judge stated, "[Dr. Owczarzak's] opinions are inconsistent with the records of [Eddins'] treatment with Dr. Owczarzak, which often reflected that [Eddins] had 'no difficult[y] walking or standing.'" (R. 14, PID 1456). In support, the Magistrate Judge cited two pages of the medical record which contained Dr. Owczarzak's note that Eddins had no difficulty walking or standing. (*Id.* (citing R. 9-7, PID 533; R. 9-8, PID 685).) Eddins believes that other information on these two pages actually supports Dr. Owczarzak's opinions. (R. 15, PID 1466.)

The Court has reviewed the records in question and disagrees with Eddins' interpretation of them. True, the records note that Eddins has a "decreased range of motion of the lumbar spine, positive tenderness to motion, positive muscle spasms and positive crepitus in the low back" as well as "decreased range of motion in the right shoulder" and "decreased range of motion in [Eddins'] knees." (R. 15, PID 1466.) But this is not necessarily inconsistent with Dr. Owczarzak's

3

other observation that Eddins had "no difficulty walking or standing," (R. 14, PID 1456), nor does it render the medical source statement well supported by the record. The Magistrate Judge therefore did not err in citing those two pages as support for her overall conclusion that the ALJ cited good reasons for finding that the doctor's opinion should be afforded little weight.

**B.**

In his summary judgment motion, Eddins argued that the ALJ committed procedural error in not considering all of his impairments in determining his Residual Functional Capacity (RFC). (R. 12, PID 1405–08.) Eddins' second and third objections concern the Magistrate Judge's treatment of this argument. (R. 15, PID 1467.) To better understand Eddins' objection, it is helpful to review the law in this area as well as his RFC.

"Once one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009); 20 C.F.R. § 404.1545(2). To get a ruling reversed, a claimant must show that the ALJ failed to consider all impairments and that failure caused him prejudice "on the merits or deprive[d] the claimant of a substantial right." *See Bowen*, 478 F.3d at 746. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Willis v. Comm'r of Social Sec.*, No. 12-10011, 2013 WL 718506, at *5 (E.D. Mich. Feb. 27, 2013) (quoting *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)).

The ALJ found that Eddins had a RFC to perform unskilled light work. (R. 9-2, PID 54.) The ALJ also included the following additional limitations: ten pound limit on lifting independently with the right upper extremity; occasional pushing and pulling with the right upper extremity; occasional reaching in all directions with right upper extremity; avoidance of concentrated exposure to extreme hot or cold temperatures, pulmonary irritants, hazardous moving

machinery; prohibition on operating a motor vehicle; avoidance of all exposure to unprotected heights; simple, routine and repetitive unskilled tasks performed at Specific Vocational Preparation levels one or two, free of fast-paced production requirement and few, if any, workplace changes; nothing more than simple, work-related decisions required; and no more than occasional interaction with the public. (R. 9-2, PID 53.)

Eddins contends that the Magistrate Judge erroneously found that any failure to consider all impairments in determining the residual functional capacity is non-prejudicial. (R.15, PID 1467.) This is a misreading of the Report. The Magistrate Judge merely found that "[Eddins] advances no evidence to show that these impairments would support additional functional limitations." (R. 14, PID 1458.) She made no broad proclamation that an ALJ's failure to consider all impairments in assessing RFC is non-prejudicial. Instead, she merely found that Eddins failed to show how his particular impairments should have resulted in a more limited RFC than the one the ALJ developed.

And on this more narrow point, this Court agrees with the Magistrate Judge. Having reviewed Eddins' summary-judgment briefing, he may have shown that the ALJ failed to explicitly mention his COPD, chronic lower back pain and osteoarthritis, sleep disorder, hypertension, depression, anxiety and obesity in determining his RFC. (R. 12, PID 1405–08.) But Eddins did not advance, and does not now advance, any argument for how those impairments would support "additional functional limitations" and therefore show prejudice. (*Id.*; R. 15, PID 1467.) Indeed, while Eddins cited numerous portions of the record in his motion, those records were either explicitly discussed by the ALJ (*see* R. 9-7, PID 601–05; R. 9-8, PID 857–60), were generally perfunctory in nature, or reflected patient-reported complaints, and, overall, fell short of indicating additional limitations. (R. 12, PID 1403–04.)

With respect to his knee and shoulder impairments, Eddins cannot establish that the ALJ failed to consider those impairments, let alone that this failure caused him prejudice. The ALJ clearly considered both impairments in his RFC discussion. First, the ALJ discussed Eddins' right shoulder injuries at length and plainly incorporated that injury into the RFC by limiting how much Eddins could lift, push, pull and reach. (R. 9-2, PID 48–53.) The same goes for his knee impairments. (*Id.*) The ALJ explicitly discussed Eddins' knee impairments in his RFC analysis, even though he did not ultimately include limitations in kneeling, crawling, crouching, squatting, standing and walking. (R. 9-2, PID 48, 50.) Given the explicit reference to both impairments, Eddins cannot establish that the ALJ failed to consider either impairment in determining the RFC. There is therefore no procedural error.

Eddins' second and third objections are overruled.

## C.

Eddins' fourth objection is to the Magistrate Judge's conclusion that the RFC was supported by substantial evidence in the record. (R. 15, PID 1467–68.) Specifically, he states that the Magistrate Judge was "unable to fill in the blank spaces caused by the [ALJ]'s failure to provide this Court with any analysis as to why he did not place any functional restrictions" regarding his knee impairments. (R. 15, PID 1468.) He adds, "[i]t seems incomprehensible that the [ALJ] could find that [Eddins'] bilateral knee condition was a severe impairment, which by definition means that it 'significantly limits an individual's ability to perform basic work activities,' and then not place any restriction on [Eddins'] ability to squat, kneel, crouch, climb or crawl." (R. 15, PID 1467–68.)

As an initial matter, Eddins cites no authority to support his assertion that, once an ALJ finds a particular impairment severe, that impairment must be reflected in the RFC. Indeed case

6

law seems to suggest just the opposite. *See Yang v. Comm'r of Soc. Sec.*, No. 00–10446–BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other.").

Second, substantial evidence supported the ALJ's decision to not include limitations on standing, sitting, squatting, kneeling, crouching, climbing and crawling. The ALJ gave little weight to Dr. Jagdish Shah's and Dr. Owczarzak's medical opinions. (R. 9-2, PID 49–50.) It was reasonable to discount the two physicians' opinions because, as the ALJ noted, the treating physicians' medical opinions were based on Eddins' reported limitations rather than an independent medical opinion based upon diagnoses and symptoms. (R. 9-2, PID 49–50); *see Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 569 (6th Cir. 2009) ("A doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence and is not entitled to the protections of the good reasons rule.") (citing *Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007)). The ALJ likewise found that "the claimant's statements concerning the intensity, persistence, and limiting effects" of his symptoms are "not entirely consistent with the medical evidence and other evidence in the record." (R. 9-2, PID 48.) And aside from the two medical opinions and Eddins' testimony, all the ALJ had was evidence of the following: a finding of "decrease[d] range of motion, positive crepitus, positive tenderness, and positive muscle spasms in the bilateral knees," an observation from a psychologist that Eddins "demonstrated problems walking allegedly due to arthritis in his left knee," x-rays showing "moderate degenerative changes" in his knees, diagnoses of chondromalacia patellae and patellae tendinitis in the left knee, and a note from his physical therapist to return to normal activity bearing his full weight. (R. 9-2, PID 46–53.) While this evidence shows that Eddins had problems with his knees, it does not show that Eddins' knee problems were so severe or were problems of the kind that it was unreasonable

for the ALJ to have omitted limitations on standing, sitting, squatting, kneeling, crouching, climbing and crawling.

**D.**

Eddins' fifth objection is to the Magistrate Judge's finding that the ALJ was correct in determining that work exists in significant numbers in the national economy that he can still do.

This objection comes in two parts. For one, Eddins objects to the Magistrate Judge's failure to identify that it is the Commissioner's burden at this step. (R. 15, PID 1468.) But this does not mean the Magistrate Judge was unaware of this burden shifting. Nor does Eddins explain how this omitted reference resulted in an erroneous analysis. Thus, the Court will not address this portion of Eddins' fifth objection.

The Court will review *de novo* Eddins' claim that the job the vocational expert identified did not fit within the hypothetical posed by the ALJ. During the hearing, the ALJ asked the vocational expert to identify work "limited to simple, routine, and repetitive unskilled tasks, performed as SVP 1 or 2, as defined in the Dictionary of Occupational Titles, free of fast-paced production requirements with few, if any, workplace changes, nothing more than simple work-related decisions should be required." (R. 9-2, PID 96.) The vocational expert thought "inspector" appropriately fit within that hypothetical. But, Eddins argues, inspector does not fit because a reasoning level of two "requires the ability to carry out detailed, but uninvolved written or oral instructions" as well as "that an individual be able to deal with problems involving a few concrete variables in and from standardized situations, both of which would be outside the parameters of the [ALJ]'s hypothetical question posed to the vocational expert." (R. 15, PID 1468–69.)

Eddins has not shown that "inspector" does not fit the ALJ's hypothetical. In particular, Eddins has not explained nor cited any authority showing how "simple, work-related decisions"

are necessarily incompatible with a DOT reasoning level of two. And case law suggests the contrary. *See Kozlowski v. Comm'r of Soc. Sec.,* No. 11–12213, 2012 WL 3472354, at *10–13 (E.D. Mich. Mar. 14, 2012) (report and recommendation), *adopted by* 2012 WL 3493036 (E.D. Mich. Aug. 14, 2012); *see also Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011) ("there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications"). This objection is overruled.

**E.**

Eddins' sixth and last objection is to the Magistrate Judge's finding that the ALJ did not err in finding that his severe impairments did not meet or medically equal a listing. (R. 15, PID 1469.) His objection centers on the ALJ's discussion of a consultative psychological examination in order to assign the opinion a weight for RFC purposes:

> Although Dr. Forman did not offer specific limitations, [he] indicated that the claimant's memory and understanding were poor and that he had trouble with persistence, social interaction, and adaptation. *These difficulties are consistent with moderate to marked limitations in social functions and maintaining concentration, persistence, and pace*. The impairments in these domains are supported by the clinical findings noted in Dr. Forman's report, and are generally consistent with the record as a whole.

(R. 9-2, PID 51 (emphasis added).) In his motion for summary judgment, Eddins argued that "[t]here is no such classification as moderate to marked limitations, and, therefore, by definition if the Plaintiff's limitations in social functions excess 'moderate' but are less than 'extreme' then that limitation is marked." (R. 14, PID 1462.) To this the Magistrate Judge responded that the ALJ phrasing may have not been perfect, but that the comment did not render the ALJ's earlier determination that Eddins' impairments did not meet or medically equal a listing unsupported by substantial evidence. (*Id*.) In his objection, he asks, "How can these moderate to marked limitations in social functions and maintaining concentration, persistence and pace, found to be 'generally

consistent with the record as a whole', be consistent with a determination that 'Plaintiff had only moderate difficulties in social functioning'"? (R. 15, PID 1469.)

The ALJ's "moderate to marked" language is consistent with the ALJ's finding that Eddins had only a "moderate" limitation in social functioning. The ALJ very clearly explained in the appropriate section that he found Eddins' limitation in social functioning to be moderate, and that his limitations in concentration, persistence and pace to be marked. (R. 9-2, PID 45.) His later "moderate to marked" statement when lumping these two categories together is ambiguous and should not be a basis for finding the decision inconsistent or in error. This is especially true when, as Eddins admits, there is no "moderate to marked" category. The Court will overrule Eddins' last objection.

### III.

For the reasons stated, having reviewed the Report and Recommendation (R. 14), Eddins' six objections (R. 15), and the Commissioner's response to those objections (R. 16), the Court ADOPTS the Report.

SO ORDERED.

Dated: June 5, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2018.

s/Keisha Jackson
Case Manager